ERICKSON, Appellant, vs. HAMMOND, Respondent.

*April 18—May 8, 1908.*

*Mortgage: Absolute deed: Purchaser's right thereunder: Subsequent mortgage.* -

Where an owner of land gave a deed thereto, absolute in form but
intended as a mortgage, and afterwards mortgaged the same
property to another, *held,* that a purchaser having knowledge
of the nature of the deed and acquiring title thereunder took
subject to the subsequent mortgage.

'APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action to quiet title. The respondent claims
an interest in the premises through a mortgage executed by
the owner, E. T. Clegg, April 14, 1905. On June 2, 1904,
Clegg and his wife, who at that time owned and occupied
the premises, executed an instrument in the form of a war-
ranty deed, whereby they conveyed the premises to Anna J.
McArthur, the wife of W. B. McArthur, cashier of the
First National Bank of Antigo, to which Clegg was in-
debted for about $5,000. Clegg remained in possession of
the premises, which constituted his homestead. The instru-
ment was recorded March 13, 1905. The evidence tended
to show and the court found that this instrument was "in-
tended, understood, and agreed to be a mortgage." On
April 14, 1905, Clegg and his wife gave the respondent,
*Sarah G. Hammond,* the mortgage in question, which was
recorded March 29, 1906. On March 15, 1906, Anna J.
McArthur and her husband conveyed the premises to E. S.
Rayworth by a warranty deed, recorded March 29, 1906.
On March 28, 1906, Clegg conveyed his interest in the
premises to his wife, Christina Clegg. This deed was re-
corded March 31, 1906. On April 4, 1906, by deed re-
corded April 5, 1906, Christina Clegg sold and conveyed her

interest to E. S. Rayworth. On May 1, 1906, McArthur and his wife conveyed the premises by warranty deed to O. G. *Erickson,* the appellant, and on May 12, 1906, Rayworth quitclaimed to McArthur. The court held that the plaintiff took the title with notice that the conveyance by Clegg to Anna J. McArthur was a mortgage and that he took the premises subject to respondent's mortgage. Judgment was awarded sustaining the respondent's mortgage and dismissing the complaint, with costs. This is an appeal from the judgment.

For the appellant there was a brief by *Max H. Strehlow,* attorney, and O. G. *Erickson,* of counsel, and oral argument by *Mr. Erickson.*

*Orlando E. Clark,* for the respondent.

SIEBECKER, J. As shown by the above statement, the court determined that the respondent acquired a mortgage lien on the premises subject to the interest acquired by Anna J. McArthur under the conveyance of June 2, 1904. This conveyance, though a deed in form, was in fact a mortgage, and secured an indebtedness owing from Clegg to the bank of which McArthur was cashier. This fact was known to the plaintiff and the other parties through whom he acquired his interest in the premises. The court's findings of fact to this effect are supported by the evidence. It also appears that plaintiff acquired the mortgage interest represented in the conveyance to McArthur and that he obtained a conveyance of the title subject to respondent's lien. Under these circumstances the court properly awarded judgment declaring respondent's mortgage interest a subsisting one and dismissing the complaint.

*By the Court.*—Judgment affirmed.